No. 19,276.

VERNON H. NICHOLSON, ET AL. *v.* J. E. STEWART, ET AL.
(351 P. [2d] 461)

Decided May 2, 1960.

Messrs. STINEMEYER & STINEMEYER, for plaintiffs in error.

Mr. WILLIAM S. RUSH, for defendants in error.

*En Banc.*

MR. JUSTICE MOORE delivered the opinion of the Court.

PLAINTIFFS in error were plaintiffs in the trial court and defendants in error were defendants. The parties will be referred to as they appeared in the trial court.

This action was instituted by the plaintiffs, taxpaying electors residing in School District No. R-32, Chaffee County, Colorado, seeking to enjoin the defendants, members of the Board of Education of School District No. R-32, Chaffee County, from issuing, or attempting to issue, school bonds in the amount of $350,000.00 pursuant to authority granted at a school election held in said District on the 15th day of July, 1959, which election the plaintiffs contended was void, contrary to law, and

deprived these plaintiffs of property without due process of law.

At the time set for trial of the case counsel for defendants interposed an oral motion to dismiss the complaint. The grounds asserted in the motion were:

(1) That the claim of the plaintiffs for relief involved an election contest and that exclusive jurisdiction over such matters was conferred by law upon the county court; and

(2) That the complaint failed to allege the facts relied upon with sufficient particularity to state a claim grounded upon the contest of an election.

The trial court granted the motion to dismiss. The "Findings of Fact and Conclusion of Law" which were entered clearly indicate that the trial court granted the motion upon the belief that the action was within the coverage of C.R.S. '53, 123-10-12 which, in pertinent part, reads as follows:

"Proceedings to contest the election of any person duly elected as a member of the Board of Education of any district in this state may be instituted by any qualified elector of such school district. Such proceedings shall be instituted within ten days after the votes cast at such election are canvassed. *The County Court wherein a school district shall be situated shall have jurisdiction for the adjustment of all contests for the office of director, or member of the Board of Education of any school district.* In such cases the rules of practice and procedure in contested elections to the office of sheriff shall apply, so far as applicable."

The above statute was held to be applicable because of the implied directive appearing in C.R.S. '53, 123-11-10, which reads:

"The ballots cast at such bond elections shall be counted and canvassed at the same time and in the same manner as is prescribed by law for the counting and canvassing of ballots cast at elections of school directors. * * *"

## Question to be Determined.

*Where taxpaying electors resident of a School District seek to enjoin the Board of Education of said District from issuing school bonds pursuant to authority granted at an election held in the district, and an action is filed in the District Court seeking equitable relief on the ground that the school bond election was illegal for various reasons; did the District Court have jurisdiction to entertain the action as against the claim that the County Court alone is vested with jurisdiction to hear contests of elections held by Boards of Education of School Districts?*

The question is answered in the affirmative.

Section 11 of Article VI of the Constitution of the State of Colorado provides as follows:

"The district courts shall have original jurisdiction of all causes both at law and in equity, and such appellate jurisdiction as may be conferred by law * * *."

Section 12 of Article VII provides:

"The general assembly shall, by general law, designate the courts and judges by whom the several classes of election contests, not herein provided for, shall be tried, and regulate the manner of trial, and all matters incident thereto, but no such law shall apply to any contest arising out of an election held before its passage."

We have examined the statute hereinabove quoted upon which the trial court relied in holding that the district court was thereby divested of jurisdiction to hear the action. We find nothing therein which deals with the jurisdiction of the district court to determine the validity of an election concerning the issuance of school bonds. In this statute the county court is given jurisdiction "for the adjustment of all contests for the office of director, or member of the Board of Education of any school district." Nothing whatever is said concerning jurisdiction over contests involving the validity of a proposed school bond issue.

Though 123-11-10 provides that ballots are to be

counted and canvassed in the same manner as those for the election of school directors, this is not equivalent to saying that the county court shall have jurisdiction of bond elections especially when viewed in connection with the express provisions of 123-11-12 relating specifically to the jurisdiction of the county court in contests relating to members or directors of school boards. We find no other statute which places any restriction or limitation upon the jurisdiction of the district court to hear such matters. There being no provision of the constitution, and no statute, designating a particular court with exclusive jurisdiction to determine the validity of an election resulting in purported authority for the issuance of school bonds, it necessarily follows that the constitutional grant of power to district courts to hear "all causes both at law and in equity" gives that court jurisdiction over the subject matter of the instant case. The trial court erred in reaching a contrary conclusion.

In *Pagosa Springs v. The People,* 23 Colo. App. 479, 130 Pac. 618, it was held that Section 12 of Article VII of the constitution relates only to contests between candidates for public office, and is not a limitation upon the exercise of the equity powers granted to the district court by Article VI, Section 11 of the constitution. That determination is equally applicable to the statute upon which the trial court relied in dismissing the instant action.

We do not here determine whether the complaint alleged facts with sufficient particularity to state a claim warranting the relief prayed for. The trial court did not pass upon that question, and even had it done so, and had the motion been granted upon that ground alone, the plaintiffs, as a matter of right, could have amended their complaint to meet any defects in the allegations thereof.

The judgment is reversed.